NO. 07-01-0130-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 8, 2001

_________________________________

In the Matter of NEAL ZACKERY MARTINEZ, 

Appellant

__________________________________

FROM THE JUVENILE COURT OF CROSBY COUNTY

NO. J-365, HON. KENNETH WITT, PRESIDING

_________________________________

ABATEMENT AND REMAND

_______________________________
__

Before BOYD, C.J., QUINN and JOHNSON, JJ.

Neal Zackery Martinez (appellant) appeals from an order modifying his disposition and commitment to the Texas Youth Commission.  Though the proceeding from which the order arose was recorded via audio tape, the court reporter has informed this court  that she was “unable to produce an accurate record from this recording.”  According to Texas Rule of Appellate Procedure 34.6(f), an appellant is entitled to a new trial if 1) the appellant has timely requested a reporter’s record, 2) without the appellant’s fault, the proceedings were electronically recorded and a significant portion of the recording has been lost or destroyed or is inaudible, 3) the inaudible portion of the record is necessary to the appeal’s resolution, and 4) the parties cannot agree on a complete reporter’s record.   Given Rule 34.6(f) and the court reporter’s statement that she cannot transcribe the contents of the tape, we abate the appeal and remand the cause to the juvenile court of Crosby County (the trial court).  The trial court shall schedule a hearing and notify all parties of their right to attend same.  At the hearing, the trial court shall receive evidence sufficient for it to determine whether:

1) the appellant desires to pursue the appeal,

2) the appellant timely requested a reporter’s record, 

3) the proceedings were recorded electronically or by other means,

4) a significant portion of the recording has been lost or destroyed or is 

inaudible for reasons other than the fault of appellant,

5) the inaudible portion of the record is necessary to the resolution of the 

appeal, and

6) the parties cannot agree on a complete reporter’s record.

It is further ordered that the trial court shall cause the aforementioned hearing to be transcribed by the official court reporter and included in a supplemental reporter’s record.  So too is the trial court ordered to execute findings of fact and conclusions of law addressing the six matters numerically itemized above and cause its findings and conclusions to be included in a supplemental transcript.  Finally, the trial court shall cause the supplemental reporter’s record and supplemental transcript to be filed with the clerk of this court on or before June 8, 2001.  Should additional time be needed for the trial court to comply with this order, an extension of time must be requested on or before June 8, 2001. 

It is so ordered.

Per Curiam

Do not publish.